# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CRIMINAL CASE NO. 1:06cr250

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| TITO ANTONIO WROTEN. | ) | |

**THIS MATTER** is before the Court on the Defendant's appeal from the denial by the Magistrate Judge of his motion for reconsideration of release pending trial.

## PROCEDURAL HISTORY

The Defendant was indicted on October 3, 2006 with conspiracy to possess with intent to distribute more than 5 kilograms of cocaine and more than 500 grams of methamphetamine. **Bill of Indictment, filed October 3, 2006.** The indictment also charged the Defendant with using a communication facility in connection with the conspiracy. **Id.** On October 25, 2006, the Magistrate Judge ordered the Defendant to be detained

pending trial, finding that he stood charged with a felony drug offense for which a term of imprisonment of more than ten years applied.  **Order of Detention, filed October 25, 2006.**

On December 8, 2006, the Defendant entered into a plea agreement with the Government pursuant to which he pled guilty to the conspiracy count in the bill of indictment.  **Plea Agreement, filed December 8, 2006.**  Based on the amount of drugs alleged in Count One, the Defendant faces a mandatory minimum sentence of 10 years and not more than life imprisonment.  **21 U.S.C. §841(b)(1)(A)(viii).**  On December 18, 2006, the Defendant attended his Rule 11 hearing and pled guilty to Count One.

On December 20, 2006, the Magistrate Judge conducted a hearing in connection with the Defendant's motion for reconsideration of his request for bond.  The Defendant argued that he had not been involved with methamphetamine, only cocaine.  He also presented evidence that he had been involved with a drug rehabilitation program.  The Defendant asked that he be released to that program in a residential capacity.  The Defendant also presented evidence from his former employer, the owner of a restaurant, who testified that the Defendant had worked for them as a cook.  He was a reliable and dependable employee.

The Government presented the testimony of a Drug Enforcement Agency (DEA) Special Agent Thrower who investigated the Defendant's involvement with drug activities. The Agent was personally aware of intercepted cell phone calls between the Defendant and another coconspirator. The Agent testified that the Defendant was not assisting state agencies during the period he was under federal investigation although he had done so earlier in 2006. On two occasions the Defendant sold quantities of cocaine at a local restaurant.

The Government showed that the Defendant has prior convictions for assault by pointing a gun and carrying a concealed weapon, possessing a weapon of mass destruction, and numerous prior drug convictions. The Magistrate Judge considered the statutory factors applicable to a defendant seeking release on bond. The Magistrate found that Defendant has been involved in federal drug offenses to which he has admitted. The Magistrate acknowledged that the Defendant does have family ties and employment as well as community ties. However, he found that the Defendant has a history of drug and alcohol abuse as well as the prior offenses noted above. The Magistrate noted that the Defendant has previously been released on probation but committed other crimes while on state probation. And, the Magistrate reviewed the Defendant's significant

criminal history. The Magistrate stated that he was seriously concerned that the Defendant has a history of committing other crimes while on state probation. The Magistrate concluded that the Defendant is a serious risk of danger to the safety of another person or the community.

## STANDARD OF REVIEW

> The judicial officer *shall order* that a person who has been found guilty of an offense [for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substance Act] and is awaiting imposition or execution of sentence be detained unless-
>     (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>       (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

**18 U.S.C. §3143(a)(2).**

## DISCUSSION

The Defendant cannot meet the requirements of this statute. Under the statutory language, the Defendant cannot show that there is a substantial likelihood that a motion for acquittal or new trial will be granted or that the Government has recommended that no sentence of imprisonment be imposed. This Court is therefore required to order

detention pending sentence, as the language of the statute is mandatory.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Defendant's appeal is hereby **DENIED**.

Signed: December 27, 2006

Lacy H. Thornburg
United States District Judge