# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:06 CR 250-21

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| TITO ANTONIO WROTEN, ) | |
| ) | |
| Defendant. ) | |
| ) | |

THIS CAUSE coming on to be heard and being heard before the undersigned, pursuant to a motion filed by defendant's counsel entitled, "Motion for Reconsideration of Bond", and it appearing to the court at the call of this matter on for hearing that the defendant was present with counsel, Jack W. Stewart, and that the Government was present through Assistant United States Attorney, Corey Ellis, and from the evidence offered, the court makes the following findings:

**Findings**. The defendant was charged in a bill of indictment filed on October 30, 2006 with conspiracy to distribute a quantity of cocaine and a quantity of methamphetamine and with knowingly using a communication facility in doing so. The undersigned entered a written order which was filed on October 25, 2006 detaining the defendant pending further proceedings in this matter. The order filed on October 25th contained findings of fact and is incorporated herein by reference. On December 18, 2006 the defendant entered a plea of guilty to conspiracy to distribute cocaine and asked to reserve the right to be heard on his motion later.

The defendant has requested in his motion that the undersigned reconsider the issue

of bond and issue an order releasing the defendant. In support of this motion the defendant presented as witnesses the following persons:

1) Matthew Bacoate - Matthew Bacoate testified that he was the director and president of Life on Life's Terms which is a motivational, spirituality based program which is designed to assist persons who have become addicted to controlled substances. Mr. Bacoate testified that the defendant had been participating in Life on Life's Terms during a period of time when he had been released on bond from various state charges. Mr. Bacoate testified that the defendant had begun participating in Life on Life's Terms in the winter of 2006 and the defendant had been employed and had been very active in the program.

2) Shannon Carup - Ms. Carup testified that her husband owned a restaurant known as "Beef O'Brady's" and the defendant had worked for her and her husband and had been a very reliable employee. Ms. Carup further testified the defendant would have a job with her and her husband if the defendant were released;

3) Tasha Worrell - Ms. Worrell testified she and the defendant had a romantic relationship for over two years and on November 24, 2006 she had delivered a child as a result of that relationship. Ms. Worrell further testified she had provided transportation for the defendant and she had never known of the defendant to be involved in any type of conspiracy involving the distribution of controlled substances.

4) Truvella Johnson - Ms. Johnson testified she is the aunt of the defendant and she had known the defendant since he was a small child. Ms. Johnson testified that the

2

defendant wanted to be a family man and wanted an opportunity to raise his minor child that was born of the relationship between himself and Ms. Worrell.

5) Bill Worrell - Mr. Worrell testified that he is the father of Tosha Worrell. Mr. Worrell is a veteran having served as a Sargent with the United States Marine Corps for a significant period of time. Mr. Worrell further testified he would be willing to act as a custodian for the defendant and would insure that the defendant complied with all terms and conditions of pretrial release.

The government presented testimony through Officer Walt Thrower. Officer Thrower testified that he has served as an agent of the Drug Enforcement Administration for the past sixteen years. Officer Thrower testified that while the defendant was released on bond from state charges the defendant was heard on a wire tap making arrangements to participate in a transaction where the defendant purchased 4 ½ ounces of cocaine from a co-defendant. This transaction took place in either late July or early August of 2006. The government further introduced into evidence the Pretrial Services Report which had been prepared by the United States Probation Office. The report showed that the defendant, during the period from November 1998 through August 1, 2002 had been convicted of four felony counts involving the sale and delivery of a controlled substance and one misdemeanor count of possession of drug paraphernalia. The defendant's criminal record relating to these convictions are referenced in the order filed on October 25, 2006. The criminal record of the defendant further shows that during the period from 1990 through April 2003, the defendant

had been convicted of several crimes, including assault by pointing a gun, carrying a concealed weapon and a felony possession of a weapon of mass destruction. The defendant had been convicted of two separate counts of resisting an officer. A further examination of the record of the defendant shows that on December 27, 2005 he was charged in Buncombe County Superior Court with two counts of possession of a firearm by a felon, possession of drug paraphernalia, maintaining a vehicle or dwelling for the purpose of distributing controlled substance, trafficking in cocaine, simple possession of a schedule II controlled substance and possession of marijuana. On December 25, 2005, the defendant was charged in Buncombe County Superior Court with possession of a firearm by a felon. The defendant was released on bond on these charges. On April 9, 2006 he was charged with driving while license revoked. On October 4, 2006 the defendant was charged in Buncombe County Superior Court with felony possession with intent to sell and deliver cocaine and felony possession of a schedule I controlled substance. The defendant was also charged around that same time with two counts of being a habitual felon. All of these counts are pending. The undersigned notes that the cocaine transaction about which Officer Thrower testified occurred in August while the defendant was on release on these charges.

**Discussion.** 18 U.S.C. § 3142 sets forth the factors to be considered in regard to the release of the defendant:

> **(g) Factors to be considered.--**The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--

4

**(1)** The nature and circumstances of the offense charged, including whether the offense is a crime of violence or an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed or involves a narcotic drug;
**(2)** the weight of the evidence against the person;
**(3)** the history and characteristics of the person, including--
  **(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
  **(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
**(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

The undersigned has reconsidered each and every one of these factors in regard to the release of the defendant and finds as follows: As to factor:

(g)(1) The nature and circumstances of the defendant involve one controlled substance, that being cocaine. It has been represented that the charge involving methamphetamine will be dismissed by the Government.

(g)(2) The weight of the evidence against the defendant appears to be strong and significant. The defendant has entered a plea of guilty to count one as contained in the bill of indictment.

(g)(3) The history and characteristics of the person shows that the defendant has family ties, he has a promise of employment, he has a long length of residence in the Buncombe County community and he has community ties. The defendant's criminal record relating to drug offenses shows the following: On October 5, 1998, the defendant was charged with two counts of felony possession with intent to sell and deliver cocaine. While

5

he was on release on these charges, he was charged on June 14, 1999 with conspiracy to sell and deliver a schedule II controlled substance. On June 30, 1999 he entered a plea of guilty to those three felonies. The defendant was placed on probation but on June 15, 2000 the defendant's probation was revoked. He was discharged from his active sentence on September 20, 2001. Four months later, on January 28, 2002 he was charged with conspiracy to sell cocaine. While he was on release on those charges, on February 15, 2002 he was charged with possession of drug paraphernalia. He pled guilty to the conspiracy to sell cocaine charge on July 25, 2002 and he pled guilty to the possession of drug paraphernalia on August 1, 2002.

At the time of the current offense or arrest, the defendant was on probation, parole or other release pending trial. The court incorporates by reference its findings of the Order of October 25, 2006

(g)(4) In regard to the nature and seriousness of the danger to any other person or the community that would be posed by the person's release it appears there is a danger to any other person or the community that would be posed by the release of the defendant. The defendant has two persons who would be excellent custodians, that being Mr. Bacoate and Mr. Worrell. However, the defendant's previous criminal history for felony convictions involving the sale of cocaine and a felony conviction for possession of a weapon of mass destruction and his criminal record regarding possession of firearms and acts of violence indicate the release of the defendant would create a danger to any other person or the community.

6

As a result of the foregoing, the undersigned has determined to enter an order denying the motion of the defendant and detaining the defendant pending further proceedings in this matter.

**ORDER**

WHEREFORE, it is **ORDERED** that the motion (#188) of the defendant is denied and the defendant is detained pending further proceedings in this matter.

Signed: December 29, 2006

Dennis L. Howell
United States Magistrate Judge