# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
## 1:06 cr 250-21

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Vs. ) | |
| ) | **ORDER** |
| **TITO ANTONIO WROTEN,** ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** came before the undersigned during the hearing of a motion concerning Defendant. At that time, the undersigned was advised by Joseph Carroll Bowman, attorney for Defendant, there was the potential of a conflict of interest regarding his representation of Defendant. Mr. Bowman advised the Court that he had been appointed to represent Mr. Wroten, and had also been appointed to represent one of Mr. Wroten's former co-defendants.

Rule 44(c) of the Federal Rules of Criminal procedure provides as follows:

**(c)** **Inquiry Into Joint Representation.**

    **(1)** **Joint Representation**. Joint representation occurs when:

        **(A)** two or more defendants have been charged jointly under Rule 8(b) or have been lined for trial under Rule 13; and
        **(B)** the defendants are represented by the same counsel, or counsel who are associated in law practice.

    **(2)** **Court's Responsibilities in Cases of Joint Representation.**
The court must promptly inquire about the propriety of joint

representation and must personally advise each defendant of the right to the effective assistance of counsel, including separate representation. Unless there is good cause to believe that no conflict of interest is likely to arise, the court must take appropriate measures to protect each defendant's right to counsel.

After consulting with Mr. Bowman, the undersigned cannot make a determination about whether or not there is good cause to believe that no conflict of interest is likely to arise. As a result, the undersigned must take appropriate measures to protect each defendant's right to counsel. The undersigned will enter an Order withdrawing Mr. Bowman as counsel of record for Defendant and directing that the Federal Defender's Office for the Western District of North Carolina appoint new counsel to represent Defendant in this matter. The Court appreciates the candor that Mr. Bowman has shown in advising the Court of the potential conflict. His conduct exemplifies the highest standard of ethical conduct for counsel.

## ORDER

**IT IS, THEREFORE**, **ORDERED** on the Court's own motion that Joseph Carroll Bowman is withdrawn as counsel for Defendant and the office of the Federal Defender's of Western North Carolina are directed to appoint new counsel to represent Defendant in this matter.

Signed: May 24, 2017

_Dennis L. Howell_
Dennis L. Howell
United States Magistrate Judge