IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:06 CR 250-21

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| TITO ANTONIO WROTEN, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

THIS CAUSE came on to be heard before the undersigned pursuant to a Violation Report (#494) filed by the United States Probation Office alleging that Defendant had violated terms and conditions of his prehearing release. At the call of this matter on June 21, 2017, it appeared that Defendant was present with his counsel, B. Todd Lentz, and the Government was present through AUSA David Thorneloe. From the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the Defendant, and the records in this cause, the Court makes the following findings.

**Findings**: At the call of this matter, Defendant, by and through his attorney, admitted the allegations contained in the Violation Report.

The Defendant was charged in a Petition (#473) and an Addendum to Petiton (#482) with violating terms and conditions of his supervised release. On June 9,

1

2017, the undersigned held a hearing in regard to the detention of Defendant and released Defendant on terms and conditions of pretrial release (#492). In the conditions of release the undersigned placed the following condition:

> (8)(y) Defendant's employment must be approved by the USPO. Defendant is to continue treatment at the Family Preservation Services. Defendant shall be tested at least one time per week by USPO to check for use of controlled substance. Defendant's wife shall not reside in the home of Anthony Rodriguez and can only visit on Sundays pending verification of marriage to Ms. Bradley.

United States Probation Officers Jennifer Call and Caleb Gamble were called as witnesses by the Government. These witnesses testified that Defendant had contacted the United States Probation Office seeking release from electronic monitoring so Defendant could make applications for employment. The officers suspected that Defendant was going to meet with his wife, Mrs. Bradley, in violation of the terms and conditions of pretrial release. The officers followed Defendant to Biltmore Park in Asheville, NC where Defendant was to seek employment at a restaurant in that area. The officers each took separate vehicles and positioned themselves so they could see the entrances to the restaurant. Defendant's wife came to the restaurant and parked her car and waited on Defendant. The Defendant then

arrived and he and Mrs. Bradley then met for approximately ten minutes. At that time, a white female operating a Lexus vehicle came into the parking lot, got out of her car, and talked to Defendant and his spouse. Defendant then went inside the restaurant and Defendant's spouse left, but then later returned. Defendant came out of the restaurant and met with Mrs. Bradley for a period of five to seven minutes, then Defendant returned to his home.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer

-----

> (1) finds that there is----
> (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
> (B) clear and convincing evidence that the person has violated any other condition of release; and
> (2) finds that ---
> (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
> (B) the person is unlikely to abide by any condition or combination of conditions of release.
>
> If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

Based upon the evidence, the undersigned finds by clear and convincing

evidence that Defendant has violated the condition of release that required he could only be visited by Mrs. Bradley on Sundays.  The reason the Court had limited the Defendant's contact with Mrs. Bradley was because when there was a search of Defendant's residence, a loaded .357 revolver was found in the residence in Defendant's bedroom next to a bed in an unsecured drawer.  Mrs. Bradley advised the probation officers that the weapon was hers, despite the fact that Defendant was residing in the home.  Defendant's criminal record shows he has 13 misdemeanor convictions and six felony convictions.  Defendant cannot own or even possess a firearm legally.  Further, marijuana was found in Defendant's home and again, Defendant's wife stated to the probation officers that the marijuana was hers and she uses it for medical purposes.  The allegations against Defendant show his repeated use of marijuana, despite being on terms and conditions of supervised release that precludes his use of such a controlled substance.

Due to the findings made above, it appears there is no condition or combination of conditions of release that will assure that Defendant will not pose a danger to the safety of any other person or the community.  It is the opinion of the undersigned that based upon Defendant's actions, it is unlikely that Defendant will abide by any condition or combination of conditions of release.  As a result of the above referenced findings, the undersigned has determined to enter an order

revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining Defendant.

**ORDER**

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond and the terms and conditions of release are hereby **REVOKED** and it is **ORDERED** that Defendant be detained pending further proceedings in this matter.

Signed: June 23, 2017

Dennis L. Howell
United States Magistrate Judge