**THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**CRIMINAL CASE NO. 1:06-cr-00250-MR-WCM-21**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| TITO ANTONIO WROTEN, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Defendant's "Emergency Motion for Order Reducing Sentence/Modifying Judgment to Allow Remainder of Sentence to Be Served on Home Confinement Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)" [Doc. 522], as amended [Doc. 529], and the Government's Motion to Dismiss without Prejudice [Doc. 530].

## I. BACKGROUND

In August 2019, the Defendant Tito Antonio Wroten was sentenced to 16 months' imprisonment for violating the conditions of the term of his supervised release, namely, leaving the judicial district without permission, failure to report as directed, and failure to report contact with a law enforcement officer. In the Judgment, the Court recommended that the Defendant be placed at a location with sufficient medical facilities to treat his

medical conditions of diabetes, heart disease, and high blood pressure. [Doc. 518].

The Defendant has been in custody in connection with the present offense since June 2019 and has been incarcerated at Atlanta USP since October 21, 2019. His projected release date is July 31, 2020.[1]

On June 12, 2020, the Defendant filed the present motion, seeking a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). [Doc. 522, as amended Doc. 529]. Specifically, the Defendant argues that his underlying health conditions place him at a higher risk for severe illness from COVID-19, and that his particular vulnerability to the illness is an extraordinary and compelling reason for an immediate sentence reduction to time served. [Id.]. In light of the Defendant's impending release date, the Court ordered the Government to file an expedited response. [Text-Only Order entered June 16, 2020]. On June 26, 2020, the Government filed the present motion to dismiss the Defendant's motion without prejudice. [Doc. 530]. The Defendant filed a response in opposition to the Government's motion on July 2, 2020. [Doc. 533].

Having been fully briefed, this matter is ripe for disposition.

---

[1] See https://www.bop.gov/inmateloc/ (last visited July 9, 2020).

## II.  DISCUSSION

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."   18 U.S.C. § 3582(c)(1)(A).  By its plain language, § 3582(c)(1)(A) makes clear that a defendant must first exhaust all administrative remedies or wait thirty days after submitting a request for release from the warden before filing a motion for a sentence reduction.  Further, the Court of Appeals for the Fourth Circuit has held that a district court lacks the authority to modify a sentence except in the narrow circumstances and procedures set forth in § 3582.  See United States v. Goodwyn, 596 F.3d 233, 235 (4th Cir. 2010).[2]

---

[2] The Fourth Circuit has not yet ruled on whether the exhaustion requirements in § 3582(c)(1)(A) are jurisdictional or merely a claims-processing rule.  This Court, however, need not decide that issue in order to resolve the present motion.  Either way, the Defendant must exhaust his administrative remedies as defined in § 3582(c)(1)(A) before filing a motion for compassionate release in this Court.  See Ross v. Blake, 136 S. Ct. 1850, 1857 (2016) (finding that "mandatory exhaustion statutes . . . establish mandatory exhaustion regimes, foreclosing judicial discretion"); United States v. Williams, No. CR JKB-15-0646, 2020 WL 1506222, at *1 (D. Md. Mar. 30, 2020) (denying motion for reduction of sentence because defendant failed to exhaust his administrative remedies, but declining to decide whether exhaustion requirement is jurisdictional).

While some courts have waived the exhaustion requirement for compassionate release motions in light of the COVID-19 pandemic, see United States v. Feiling, No. 3:19cr112 (DJN), 2020 WL 1821457, at *4 (E.D. Va. Apr. 10, 2020) (collecting cases), other courts have been reluctant to grant such waivers. For example, the Third Circuit in United States v. Raia held that a prisoner's failure to exhaust all administrative remedies set forth in § 3582(c)(1)(A) warranted the denial of his motion for compassionate release. 954 F.3d 594, 597 (3d Cir. 2020). In so holding, the Third Circuit stated that it did not intend to minimize the risks that COVID-19 poses to the health of federal inmates. However, the Court noted, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering the BOP's statutory role, and its extensive professional efforts to curtail the virus's spread." Id.[3] The Court went on to state as follows:

> Given BOP's shared desire for a safe and healthy prison environment, we conclude that strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added—and critical—importance. And given the Attorney General's directive that BOP prioritize the use of its various statutory authorities to grant home confinement for inmates seeking transfer in connection with the ongoing COVID-19 pandemic, we anticipate that the

---

[3]Citing Federal Bureau of Prisons, COVID-19 Action Plan (Mar. 13, 2020, 3:09 PM), https://www.bop.gov/resources/news/20200313_covid19.jsp.

4

statutory requirement will be speedily dispatched in
cases like this one.

Id. (citation and internal quotation marks omitted).  Other courts, including

district courts within the Fourth Circuit, have followed Raia's example and

continued to require the full exhaustion of administrative remedies before

considering motions for compassionate release related to the COVID-19

pandemic.  See United States v. Smith, No. 3:16-cr-48 (MPS), 2020 WL

1903160, at *3 (D. Conn. Apr. 17, 2020); United States v. Meron, No. 2:18-

cr-0209-KJM, 2020 WL 1873900, at *2 (E.D. Cal. Apr. 15, 2020); United

States v. Hembry, No. 12-cr-00119-SI-1, 2020 WL 1821930, at *2 (N.D. Cal.

Apr. 10, 2020);  Feiling, 2020 WL 1821457, at *5; United States v. Gillis, No.

14-cr-00712 SJO (1), 2020 WL 1846792, at *2 (C.D. Cal. Apr. 9, 2020);

United States v. Perry, No. 18-cr-00480-PAB, 2020 WL 1676773, at *1 (D.

Colo. Apr. 3, 2020); United States v. Carver, -- F. Supp. 3d --, 2020 WL

1604968, at *1 (E.D. Wash. Apr. 1, 2020); United States v. Clark, No. 17-85-

SDD-RLB, 2020 WL 1557397, at *3 (M.D. La. Apr. 1, 2020); United States v.

Oliver, No. JKB-16-0485, 2020 WL 1505899, at *1 (D. Md. Mar. 30, 2020);

United States v. Zywotko, No. 2:19-cr-113-FtM-60NPM, 2020 WL 1492900,

at *1 (M.D. Fla. Mar. 27, 2020); United States v. Eberhart, No. 13-cr-00313-

PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020); United States v.

Cohen, No. 19cr602 (WHP), 2020 WL 1428778, at *1 (S.D.N.Y. Mar. 24,

5

2020); United States v. Gileno, No. 3:19-cr-161-(VAB)-1, 2020 WL 1307108, at *3 (D. Conn. Mar. 19, 2020). The Court agrees with Raia and the cases cited above and therefore joins these courts in holding that the mere existence of the COVID-19 pandemic and the Defendant's potential susceptibility to that illness due to pre-existing health conditions does not render the exhaustion of administrative remedies futile.

Here, the Defendant asserts that he and his wife, Dawn Wroten, submitted requests for compassionate release on April 1, 2020, but that they had not received any response to these requests as of the date of the filing of his motion for compassionate release. The Defendant submits copies of these requests along with his motion; however, these requests are not dated, and there is no indication on the face of these documents that they were received by any BOP official. [See Doc. 523]. In response to the Defendant's motion, the Government submits the Declaration of Mallory Storus of the BOP, which indicates that the BOP has no record in its official Administrative Remedy Program that the Defendant filed any administrative remedy request during his incarceration with the BOP. [Doc. 530-1]. Additionally, Ms. Stores states that she contacted the staff at USP Atlanta, who confirmed that they did not have any record of having received any compassionate release requests from or on behalf of the Defendant. [Id. at

¶ 7].  In response to the Government's motion to dismiss, the Defendant continues to maintain that he and his spouse sent letters to the warden of USP Atlanta requesting compassionate release on or around April 1, 2020.  [Doc. 533 at 2].  He further argues that the "mere lack of stamped versions of the letters" should not preclude the Court from considering the Defendant's case on the merits.  [Id.].

As noted above, a defendant's failure to exhaust his remedies under § 3582(c)(1)(A)(i) precludes the Court from considering the merits of the Defendant's motion.  Based on the record presented, the Court finds that the Defendant has failed to demonstrate that he submitted a request for compassionate release to the warden of his Bureau of Prisons facility or that he has otherwise exhausted his administrative remedies with respect to that request.[4]  As such, the Court cannot grant the requested relief.  Accordingly, the Defendant's motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) must be denied, albeit without prejudice.

---

[4] The requirements of § 3582(c)(1)(A)(i) are not just technicalities.  They allow the Bureau of Prisons an opportunity to pass on the Defendant's request for compassionate release in the first instance.  Allowing the BOP to first address the Defendant's request makes sense, as the BOP stands in the best position to assess all of the factors which must be considered in granting a compassionate release, including the number of COVID-19 cases within the particular facility; the defendant's medical conditions and his or her resulting susceptibility to contracting COVID-19; the ability of the facility to treat the defendant's medical conditions; the defendant's conduct during the period of incarceration; and the defendant's proposed release plans, among other factors.

7

As for the Defendant's request for a release to home confinement, the Defendant's motion also must be denied. The discretion to release a prisoner to home confinement lies solely with the Attorney General. See 18 U.S.C. § 3624(c)(2); 34 U.S.C. § 60541(g). The legislation recently passed by Congress to address the COVID-19 pandemic does not alter this. See CARES Act, Pub. L. No. 116-136, 134 Stat 281, 516 (2020) ("During the covered emergency period, if *the Attorney General* finds that emergency conditions will materially affect the functioning of the Bureau [of Prisons], the *Director of the Bureau* may lengthen the maximum amount of time for which *the Director* is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, *as the Director determines appropriate.*") (emphasis added). As such, this Court lacks the authority to order the Defendant's release. Deffenbaugh v. Sullivan, No. 5:19-HC-2049-FL, 2019 WL 1779573, at *1 (E.D.N.C. Apr. 23, 2019); United States v. Overcash, No. 3:15-CR-263-FDW-1, 2019 WL 1472104, at *3 (W.D.N.C. Apr. 3, 2019) (noting that there is "no provision for judicial review of the BOP's and Attorney General's decision with regards to a request for home detention under § 60541(g)"); United States v. Curry, No. 6:06-082-DCR, 2019 WL 508067, at *1 (E.D. Ky. Feb. 8, 2019) ("Because the First Step Act gives the *Attorney General* the discretion to determine if

and when home confinement is appropriate, this Court does not have the authority to grant the requested relief.") (emphasis in original).

For all these reasons, the Defendant's motion for a sentence reduction or for release to home confinement is denied.

**IT IS, THEREFORE, ORDERED** that the Government's Motion to Dismiss [Doc. 530] is **GRANTED**, and the Defendant's "Emergency Motion for Order Reducing Sentence/Modifying Judgment to Allow Remainder of Sentence to Be Served on Home Confinement Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)" [Doc. 522], as amended [Doc. 529] is **DENIED WITHOUT PREJUDICE** to refiling after the Defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the Defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the Defendant's facility, whichever is earlier.

**IT IS SO ORDERED.**

Signed: July 13, 2020

Martin Reidinger
Chief United States District Judge

9